# N. Y. SUPERIOR COURT.

## EDWARD DENT agt. JAMES O. WATKINS.

*A decision in practice upon an order of arrest.*

Under the rule that requires an indorsement on an order of arrest, it is not
sufficient that the indorsement be made on the original order only — it
must be also made upon the copy served upon the defendant.

*Before* SPEIR, *J., at Chambers, June,* 1875.

*Edward S. Lawson,* for plaintiff.

*George W. Gibbons,* for defendant.

An order of arrest was granted in above action on the 3d
day of May, 1875, against defendant for fraudulently obtain-
ing money from the plaintiff, and defendant was held to bail.
He was arrested by the sheriff on the tenth day of June,
instant, and gave the usual undertaking, to which plaintiff's
attorney duly excepted. Defendant then served notice of
justification of sureties, and they were examined as to their
sufficiency on the twenty-second instant. Since that time a
motion has been pending to set the sureties aside as insuffi-
cient, the parties appearing daily in court for the purposes of
the motion. Yesterday an order to show cause was granted,
by judge SPEIR why the order of arrest should not be vacated
by reason of the failure to comply with rule six, requiring
the indorsement of the rule upon the order of arrest. In the
argument of the motion it appeared that the rule was indorsed
upon the original order delivered to the sheriff, but not upon

Dent agt. Watkins.

the copy served upon defendant. Attorney for the plaintiff insisted that the rule had been complied with, and that being simply directory to the sheriff, did not go to the merits of the arrest, even if it had been omitted from the original. The court thought otherwise, and vacated the order of arrest, holding that the rule should be indorsed upon the copy order as well as original. No other point came up for argument on the motion.